STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 14-0848** (BOR Appeal No. 2049345)
                          (Claim No. 2012019038)

**JAMES A. THOMPSON,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner SWVA, Inc., by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated August 1, 2014, in which the Board affirmed an April 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 15, 2011, decision to reject the claim. The Office of Judges found the claim compensable for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thompson, a production worker for SWVA, Inc., alleged that he developed carpal tunnel syndrome in the course of and as a result of his employment. On May 16, 2005, Mr. Thompson was diagnosed with carpal tunnel syndrome on his left side. At this time he weighed 288 pounds. On July 16, 2007, Mr. Thompson was diagnosed with diabetes. On October 7, 2011, Mr. Thompson underwent a nerve conduction study. Steven D. Deitch, M.D., interpreted the results and found severe bilateral carpal tunnel syndrome affecting motor and sensory fibers. In addition, he asserted that there was evidence of mild distal sensory neuropathy consistent with diabetes. On November 14, 2011, Mr. Thompson's report from Louis Bolano, M.D., was made

1

available. Dr. Bolano diagnosed carpal tunnel syndrome, medial epicondylitis, and lateral epicondylitis. Dr. Bolano recommended surgical intervention. On October 17, 2011, Mr. Thompson filed for workers' compensation alleging his carpal tunnel syndrome was a result of his employment. Dr. Bolano also indicated in the physician's portion of the application that this was an occupational disease. On December 15, 2011, the claims administrator rejected the claim. Mr. Thompson protested.

On February 27, 2012, Mr. Thompson was deposed. Mr. Thompson stated that he is employed with SWVA, Inc., as a production worker. He stated that he constantly uses his hands to operate tools and machinery and generally works with hammers, sledge hammers, and wrenches. Mr. Thompson was also employed as a gagger. This required Mr. Thompson to constantly grind bars that weighed about fifteen pounds. He first began noticing tingling and pain in his hands in 2005. He stated that sometimes his symptoms would go away, but it would come right back, depending on what he was doing. Mr. Thompson testified that he works anywhere from fifty-nine to sixty-eight hours per week. Mr. Thompson decided to seek medical treatment for his condition in 2005. He also stated that this was the first time he had any testing done specifically for carpal tunnel syndrome. The nerve conduction study resulted in a diagnosis of severe bilateral carpal tunnel. Mr. Thompson was then referred to Dr. Bolano for treatment. A splint was provided. He stated that he only experienced symptoms of tingling at that time, but his condition worsened. Now he has constant pain and tingling. Mr. Thompson also stated that he was diagnosed with diabetes in 2007. He was put on Aetas. However, Mr. Thompson was instructed to stop taking Aetas in 2009, due to his improving blood work and weight loss. He indicated that at his highest weight he was 315 pounds and when taken off the diabetic medication he was 255 pounds.

On July 24, 2013, Mr. Thompson had an independent medical evaluation from Marsha Bailey, M.D. Dr. Bailey believed Mr. Thompson's bilateral upper extremity peripheral neuropathies were unrelated to his occupation. She found that Mr. Thompson did not have occupational responsibilities that were sufficiently repetitious, forceful, or awkward to cause bilateral carpal tunnel syndrome or cubital tunnel syndrome. Dr. Bailey recognized that Mr. Thompson did have two extremely strong risk factors for carpal tunnel syndrome, including obesity and type II diabetes. Dr. Bailey did not have his 2005 diagnosis of carpal tunnel syndrome available for her review. Mr. Thompson provided her with it. Thereafter on September 18, 2013, Dr. Bailey supplied an addendum to her report. She did not change her opinion and still opined that his carpal tunnel syndrome was caused by obesity and diabetes and was not work-related.

The Office of Judges found that Mr. Thompson developed carpal tunnel syndrome in the course of and as a result of his employment with SWVA, Inc. The Office of Judges noted the record demonstrates that Mr. Thompson was first diagnosed with carpal tunnel syndrome in his non-dominant left hand on May 16, 2005. The Office of Judges further recognized that he weighed 288 pounds at that time. The Office of Judges found that in 2007 he was diagnosed with diabetes and placed on the medication Aetas. The Office of Judges also found that he experienced a dramatic reduction in weight, from 315 pounds to 255 pounds, and discontinued the diabetes medication in 2009. The Office of Judges also reviewed the nerve conduction study

performed on October 7, 2011, which showed severe carpal tunnel syndrome and evidence of a mild sensory neuropathy consistent with diabetes. The Office of Judges adopted Mr. Thompson's testimony as credible. In his testimony, Mr. Thompson asserted that he constantly used his hands to operate tools and machinery while performing his job duties. The Office of Judges found that he worked for SWVA, Inc., with his hands in a repetitive fashion and for a sufficient amount of time to support the development of carpal tunnel syndrome. The Office of Judges also accepted the report of Dr. Bolano as persuasive evidence. Dr. Bolano opined on Mr. Thompson's application that his bilateral carpal tunnel syndrome was an occupational disease. The Office of Judges recognized Dr. Bailey's assertion that West Virginia Code of State Rules § 85-20-41.4 (2006) states that diabetes and obesity are risk factors that frequently produce or contribute to carpal tunnel syndrome. However, the Office of Judges found that Mr. Thompson was diagnosed with carpal tunnel syndrome on the left two years before he was diagnosed with diabetes. In addition, the nerve conduction study specifically noted that a mild sensory neuropathy was consistent with diabetes but did not indicate that Mr. Thompson's bilateral carpal tunnel syndrome was consistent with diabetes. As a result, the Office of Judges concluded Mr. Thompson developed carpal tunnel syndrome in the course of and as a result of his employment with SWVA, Inc. The Board of Review adopted all the material findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. It is undisputed that Mr. Thompson suffers from bilateral carpal tunnel syndrome. The only question was if it was work-related. The Office of Judges determined that based upon the evidence presented, he developed carpal tunnel syndrome in the course of and as a result of his employment with SWVA, Inc. The Office of Judges found that his diagnosis of carpal tunnel syndrome was two years prior to his development of diabetes. The Office of Judges also recognized that his weight reduction and cessation of diabetic medication in 2009 supported the inference that his carpal tunnel syndrome was not related to his weight and diabetes. The Office of Judges conceded that West Virginia Code of State Rules § 85-20-41.4, lists obesity and diabetes as risk factors in developing carpal tunnel syndrome. However, Mr. Thompson's testimony, weight loss, discontinuation of diabetic medication, and Dr. Bolano's opinion was enough evidence to show that his carpal tunnel syndrome was developed in the course and as a result of his employment with SWVA, Inc. Because the Office of Judges and Board of Review based its decision off well-reasoned analysis, it was not in error to find that Mr. Thompson developed carpal tunnel syndrome in the course of and as a result of his employment with SWVA, Inc.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum